## TUFTS v. BAUSERMAN.

1. **Practice:** DISMISSAL OF ACTION: USURY. The dismissal of an action upon a promissory note before the filing of an answer does not confer upon the defendant the right to have the cause re-docketed that he may plead usury.

*Appeal from Iowa Circuit Court.*

WEDNESDAY, JUNE 13.

THIS action was brought to recover upon a promissory note executed jointly by the defendant Bauserman and one Walters

and one Jordan. The two latter persons were joined as defendants with Bauserman, and judgment was rendered against them by default. The plaintiff then dismissed as to Bauserman. At the same term Bauserman moved that the case be re-docketed to enable him to plead usury and the court to render a judgment against him in favor of the school fund and against the plaintiff for costs. The plaintiff resisted the motion, but the court sustained it and ordered the case re-docketed. The plaintiff disclaimed any judgment against Bauserman, and none was rendered. But the plea of usury being filed, and evidence being introduced to sustain it, the court rendered judgment against Bauserman for the ten per cent interest in favor of the school fund, and against the plaintiff for costs. Plaintiff appeals.

*Rumple & Lake*, for appellant.

*C. Hedges*, for appellee.

ADAMS, J.—The action was dismissed before answer. In no sense, we think, could it be said that any rights, either on the part of the school fund or the defendant Bauserman, had attached. After dismissal, then, the jurisdiction of the court, so far as either the school fund or Bauserman was concerned, was completely divested.

1. PRACTICE: dismissal of of action: usury.

Whether Bauserman, upon a tender of the principal, could, in a proper action, have a decree for the surrender and cancellation of the note, we need not determine. It seems clear to us that in the present case he was out of court after the case was dismissed, and that the court erred in sustaining his motion and allowing him to answer.

REVERSED.